CHINN, Appellant,

v.

WEAVER, Appellee.

[Cite as *Chinn v. Weaver* (1991), 76 Ohio App.3d 64.]

Court of Appeals of Ohio,
Scioto County.

No. 1929.

Decided Oct. 23, 1991.

*Catherine S. Heid,* IV–D Contracting Attorney, Scioto County Child Support Enforcement Agency, for appellant.

GREY, Judge.

This is an appeal from a judgment of the Scioto County Common Pleas Court ordering appellant Gail Weaver Chinn to seek employment pursuant to a change of custody order.  We reverse.

The parties were divorced on April 20, 1982. At the time of the divorce Chinn received custody of the minor child, Gretchen Weaver. In an entry filed on December 23, 1987, Gretchen's custody was changed from Chinn to Terry Lee Weaver. In 1989, Chinn filed a motion to again change Gretchen's custody based on her election. On February 16, 1990, the parties appeared before a referee for a hearing on that motion.

At the hearing, Chinn testified that she was not employed outside the home and could not be so employed because her husband suffered from leukemia and she and her present husband have a five-year-old child. Both husband and child required her care. Chinn further testified that her husband's doctors advised her not to put the five year old in daycare because he could contract ordinary childhood diseases which would place his father at serious medical risk. Chinn also testified that her husband was not permitted to perform most household and yard work, placing that responsibility entirely upon her.

The referee's report was filed on March 1, 1990. On March 2, 1990, the trial court approved Referee's Recommendation No. 5 and ordered Weaver, as obligor, to pay child support. That report and entry also ordered Chinn, as obligee, to seek employment pursuant to R.C. 3113.21(D)(7).

Chinn filed objections to the referee's report. The trial court overruled those objections. Chinn timely appeals and assigns five verbose and abstruse claims of error which we shall treat jointly:

"FIRST ASSIGNMENT OF ERROR

"The trial court's approval and entry of record, order filed 3–2–90, of Recommendation # 5, of the report of the referee, filed 3–1–90, ordering Plaintiff, Appellant, to seek employment and report back to the Court, was not supported by findings of fact sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order as is required by Civil Rule 53(E)(5) and is error. The Plaintiff appeals the entry of 8–14–90 overruling the objections to the report of the Referee."

"SECOND ASSIGNMENT OF ERROR

"The trial court's approval and entry of record, order filed 3–2–90, of Recommendation # 5, of the report of the referee, filed 3–1–90, ordering Plaintiff, Appellant, to seek employment and report back to the court, citing R.C. 3113.21(D)(7) is error as a matter of law. The entry of 8–14–90 overruling the objections is error as a matter of law."

"THIRD ASSIGNMENT OF ERROR

"The trial court entry filed 8–14–90, overruling the Plaintiff, Appellant's objections to the report of the referee, citing Scioto County Common Pleas Court Case No. 89–DM–526, filed 6–19–90, which relied on ORC 3113.21(D)(7), ORC 3109.05(A) and Court of Appeals, Richland County Case No. CA2694, styled *Bessie Bonner vs. Gary L. Hightower,* unreported decision [1989 WL 137239]; is error as a matter of law."

"FOURTH ASSIGNMENT OF ERROR

"The Referee's report filed 3–1–90, the trial courts [*sic*] entries, filed 3–2–90 and 8–14–90, are against the manifest weight of the evidence."

"FIFTH ASSIGNMENT OF ERROR

"The Referee's report filed 3–1–90, and the trial court's entries, filed 3–2–90, and 8–14–90, are an abuse of the court's discretion and are therefore arbitrary and capricious."

Although appellant's five assignments of error are unintelligible, we have gleaned two basic assertions of error. Chinn first asserts that the order by the referee adopted by the trial court to seek employment was against the manifest weight of the evidence. Chinn further asserts that the trial court's adoption of the referee's report over objections was error as a matter of law. We agree with Chinn's assertions.

The trial court, in ordering Chinn to seek employment, premised its order on R.C. 3113.21(D)(7), which provides:

"If the *obligor* is unemployed, has no income, and does not have an account at any financial institution, the court shall issue an order requiring the *obligor* to seek employment, if the *obligor* is able to engage in employment, and immediately to notify the child support enforcement agency upon obtaining employment, upon obtaining any income, or upon obtaining ownership of any asset with a value of five hundred dollars or more." (Emphasis added.)

The language of the above statute is clear. It mandates that a trial court order an *obligor* to seek employment under certain circumstances. R.C. 3113.21(P)(4) and (5) set forth the following definitions:

"(P) As used in this section * * * of the Revised Code:
" * * *

"(4) 'Obligor' means the person is required to pay support under a support order.

"(5) 'Obligee' means the person who is entitled to receive the support payments under a support order."

Under the order from the trial court, Chinn is not the obligor under a child support order; rather, she is the obligee. While it might be regarded as

reasonable to have a provision in the statute which permits seek-work orders for obligees, R.C. 3113.21 does not contain such language. This lack of balance or equity between the custodial and non-custodial parent was egregious in R.C. 3113.21 as originally enacted. As amended effective April 11, 1991, the statute still provides that the obligor get almost all the rights and the obligee almost all the duties.

It is often said that courts may not comment on the wisdom of any legislation, but of course that is not true because courts must often comment on the wisdom of legislation, such as in this case where the disparity between the rights of the obligor and duties of the obligee under this statute often results in vexatious litigation. What the courts may not do is re-write the statute, but instead must apply the law as it is, wisely or unwisely, given. While the trial court's order in this case may have been fair and reasonable, it is not authorized by the statute.

We note that had the trial court the authority to make such an order we, as an appellate court, would still be required to reverse that decision. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 22 OBR 81, 488 N.E.2d 857.

Here, the evidence presented below does not support the trial court's order for Chinn to seek employment outside the home. There was unrebutted testimony that Chinn was the sole caregiver of her leukemia-ridden husband and her five-year-old child. Doctors had cautioned Chinn against sending the five year old to pre-school and possibly even kindergarten because of the deleterious effect it might have on the father's health. To order Chinn to seek employment outside the home under those circumstances flies in the face of the purpose of R.C. 3113.21(D)(7) and defies logic and reason. The trial court's decision was against the manifest weight of the evidence pursuant to *Masitto, supra*.

Appellant suggests that our decision may be in direct conflict with the Fifth District's holding in *Bonner v. Hightower* (Nov. 8, 1989), Richland App. No. CA–2694, unreported. We do not believe it is. In *Bonner,* it was held that there was no good reason why the custodial parent could not seek work, and that case was decided on the grounds of the general duty to support under R.C. 3105.09, neither of which is applicable here.

Chinn's assignments of error are well taken and are sustained. The decision of the trial court is reversed and the order mandating that Chinn seek outside employment is vacated.

*Judgment reversed.*

Peter B. Abele, J., concurs.

Stephenson, J., concurs in judgment only.